**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

DANNY ROGERS  :  CIVIL ACTION NO. 18-cv-173

VERSUS  :  UNASSIGNED DISTRICT JUDGE

CB&I  LLC  :  MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure filed by defendant CB&I LLC (hereafter "CB&I"). Doc. 25. The motion is unopposed. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED** and that all claims be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On January 3, 2018, plaintiff, Danny Rogers, filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against his former employer, CB&I, alleging it had not paid him in full for work he performed. Doc. 1, att. 1, pp. 5-8. The suit was removed to this court on February 9, 2018. Doc. 1. After removal, plaintiff was granted leave to amend his complaint [doc. 10] and a scheduling conference was set. Doc. 13. At the October 4, 2018 scheduling conference counsel for plaintiff indicated her client was being unresponsive to her attempts to communicate with him to prepare for the case. Doc. 15. Accordingly, the scheduling conference was terminated and

plaintiff was ordered to communicate with his attorneys within seven (7) days; within the order were various explicit warnings as to potential repercussions that could result if plaintiff failed to comply. *Id.*

Plaintiff did not communicate with his attorneys within seven (7) days of the court's order. Plaintiff's attorneys filed motions to withdraw citing a breakdown in attorney-client communications [docs. 16, 18] and plaintiff's failure to comply with the court's order. Doc. 18. The motions were set to be heard November 13, 2018 [docs. 17, 19], and plaintiff was notified his personal participation in the hearing was mandatory. *See* Doc. 17.

On November 13, 2018, although plaintiff's counsel claimed attempts were made to ensure plaintiff's personal participation in the hearing, plaintiff did not take part. Doc. 20. The motions to withdraw filed by plaintiff's attorneys were granted. Docs. 23, 24. On April 5, 2019, CB&I filed the instant motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. Doc. 25. On the same day, CB&I also filed a motion for an order extending the dispositive motion deadline in this matter. Doc. 26. The latter motion was set to be heard on April 16, 2019. Doc. 28. In the order setting this hearing the court referred to its earlier warnings regarding plaintiff's failure to communicate with his attorneys [doc. 15], it reminded plaintiff of his obligations as a *pro se* litigant, and it issued the following notice:

> Plaintiff is ordered to contact counsel for defendant on or before 4/12/2019 to discuss outstanding discovery and how he may participate telephonically in the hearing set for 4/16/2019, which telephone conference is to be arranged by defendant. ***Plaintiff is hereby put on notice that his failure to contact counsel for defendant as ordered and/or his failure to participate in the telephone conference set before the undersigned on 4/16/2019 will result in a Report and Recommendation being made to the district court that this matter be dismissed for plaintiff's failure to abide by the rules and orders of this court.*** Plaintiff will receive no additional warning.

*Id.* (emphasis in original).  On April 16, 2019, the hearing was held; plaintiff did not contact counsel for defendant or participate in the hearing.  Doc. 29.

## II.
### LAW & ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order . . ." The district court can dismiss an action upon motion of a defendant or on its own motion. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190–91 (5th Cir. 1992). A dismissal under this rule "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Rule 41(b) dismissals with prejudice are proper upon a showing of "a clear record of delay or contumacious conduct by the plaintiff" and "where lessor sanctions would not serve the best interest of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (citations omitted). Although not required in every case, the court "usually" considers aggravating factors such as "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (quoting *Rogers*, 669 F.2d at 320). "[A] [d]istrict [c]ourt may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so . . ." *Link v. Wabash R.R.Co.,* 82 S.Ct. 1386, 1390 (1962).

In support of its motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure CB&I cites plaintiff's failure to comply with court orders and also alleges plaintiff has failed to respond to various discovery requests made by CB&I.  Doc. 25, att. 1. We find ample reason to dismiss plaintiff's complaint pursuant to Rule 41(b) alone. Plaintiff was afforded explicit notice of our intention to dismiss his complaint if he "fail[ed] to contact the counsel for defendant as ordered and/or [he] fail[ed] to participate in the [hearing] set before [us]

on 4/16/2019." Doc. 28. A clear record of delay is present here because plaintiff has failed to communicate with his attorneys, CB&I, and the court. Plaintiff was directed to comply with multiple orders from this court and he has failed to do so. For all these reasons, we determine dismissal with prejudice is warranted.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the motion to dismiss [doc. 25] be **GRANTED** and that all claims be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of April, 2019.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE